IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| DAVEY GREEN, <br><br> Plaintiff, <br><br> v. <br><br> BLACKSHEAR POLICE DEPARTMENT, CHARLIE WICHMAN, and GREGORY NETTLES, <br><br> Defendants. | CIVIL ACTION NO.: 5:25-cv-80 |

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff filed this action based on 42 U.S.C. § 1983. Doc. 1. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal. I **DENY as moot** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* in this Court, doc. 4, and Plaintiff's Motion for Status Conference, doc. 10.

### PLAINTIFF'S CLAIMS[1]

Plaintiff alleges Defendants violated his rights under the Fourth Amendment, the Fifth Amendment, and the Fourteenth Amendment. Doc. 1 at 3. Plaintiff further claims that Defendants committed Brady violations, unlawfully arrested Plaintiff, unlawfully confiscated

---

[1] All allegations set forth here are taken from Plaintiff's Complaint. Doc. 1. During frivolity review, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

Plaintiff's property, and maliciously prosecuted Plaintiff.  Id.  Plaintiff states he was driving on Napier Street in Blackshear, Georgia, on July 30, 2020, with his son when Defendant Wichman pulled over Plaintiff.  Id. at 4.  Defendant Wichman then called Defendant Nettles to the scene.  Id.  Defendant Wichman allowed Plaintiff's son to leave after Plaintiff's son asked for permission to "get his backpack[.]"  Id.  Plaintiff states "no backpack never came from passenger window," though Plaintiff fails to explain the significance of this fact.  Id.  Defendants then arrested Plaintiff.  Id.  Plaintiff states that he has experienced emotional distress because of Defendants' actions.  Id. at 5.  Plaintiff requests monetary damages.  Id.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by plaintiffs proceeding *in forma pauperis* 28 U.S.C. §§ 1915A(a), 1915(e).  The court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  § 1915(e)(2)(B).  The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, Plaintiffs' unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact."  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).  To state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

## DISCUSSION

**I.   Plaintiff's § 1983 Claims**

Plaintiff asserts causes of action for violation of civil rights under 42 U.S.C. § 1983.[2] Section 1983 claims "are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." Powell v. Thomas, 643 F.3d 1300, 1303 (11th Cir. 2011). Georgia has a two-year statute of limitations for personal injury actions. O.C.G.A. § 9-3-33. Although state law determines the applicable statute of limitations, "[f]ederal law determines when the statute of limitations begins to run." Lovett v. Ray, 327 F.3d 1181, 1182 (11th Cir. 2003).

Generally, "the statute of limitations does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Id. "The statute of limitations for claims brought under § 1983 begins to run when facts supporting the cause of action are or should be reasonably apparent to the claimant." Johnson v. County of Paulding, 780 F. App'x 796, 798 (11th Cir. 2019) (citing Brown v. Ga. Bd. of Pardons & Paroles, 335 F.3d 1259, 1261 (11th Cir. 2003)).

Plaintiff's claims revolve around a single factual circumstance—his alleged mistreatment and false arrest on July 30, 2020. Doc. 1. at 4. Plaintiff should have been aware that Defendants Nettles and Wichman violated his rights on July 30, 2020, because he observed Defendants'

---

[2]   Plaintiff also indicated in his Complaint that he intends to assert causes of action for violation of civil rights under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). However, Plaintiff does not allege that Defendants are federal officials and alleges no other federal activity; accordingly, Plaintiff does not state a claim under Bivens due to Bivens being solely applicable to federal activity. Doc. 1 at 4.

3

conduct. The statute of limitations for Plaintiff's claims against Defendants Nettles and Wichman expired, at the latest, in July 2022, about three years before Plaintiff filed his Complaint. Thus, absent any basis for tolling, Plaintiff's claims are barred by the statute of limitations.

Here, there is no apparent basis for tolling Plaintiff's claims. See Bridgewater v. DeKalb County, No. 1:10-cv-1082, 2010 WL 11507266, at *6–8 (N.D. Ga. July 12, 2010) (providing a discussion on the tolling provisions available under Georgia and federal law). Georgia law provides the limitations period may be tolled in the following circumstances: (1) the party is legally incompetent, O.C.G.A. § 9-3-90; (2) the person becomes legally incompetent after the right accrues, O.C.G.A. § 9-3-91; (3) an estate becomes unrepresented, O.C.G.A. §§ 9-3-92, 9-3-93; (4) the defendant is absent from the State, O.C.G.A. § 9-3-94; (5) one party in a joint action is legally incompetent, O.C.G.A. § 9-3-95; (6) there is fraud by the defendant, O.C.G.A. 9-3-36; (7) there are counterclaims and cross claims, O.C.G.A. § 9-3-37; (8) the party is bringing a medical malpractice claim, O.C.G.A. § 9-3-97.1; (9) a tort arises from a crime, O.C.G.A. § 9-3-99; and (10) there is a non-statutory basis for equitable tolling. Bridgewater, 2010 WL 11507266, at *6 (citing State v. Private Truck Council, Inc., 371 S.Ed.2d 378, 380–81 (Ga. 1988)).

Additionally, there is no basis for non-statutory equitable tolling in this case. "Georgia's non-statutory doctrine of equitable tolling is extremely narrow," and the only discussion of non-statutory equitable tolling in the Georgia courts is in the context of a class action lawsuit. Id. at *7 (citing Hicks v. City of Savannah, No. 4:08-cv-6, 2008 WL 2677128, at *2 (S.D. Ga. July 8, 2008), and Private Truck Council of Am., Inc., 371 S.E.2d at 380–81)). Because Plaintiff brings § 1983 claims and not a class action, the claims are not tolled under Georgia's non-statutory

4

equitable tolling.  See id. (holding same).  Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint.

## II. Leave to Appeal *in Forma Pauperis*

I also recommend the Court deny Plaintiff leave to appeal *in forma pauperis*.  Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (noting trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  Thus, a claim is frivolous and not brought in good faith if it is "'without arguable merit either in law or fact.'"  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 4:07-cv-85, 4:03-cr-1, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's claims, there are no non-frivolous issues to raise on appeal, and an appeal on these claims would not be taken in good faith.  Thus, I **RECOMMEND** the Court **DENY** Plaintiff *in forma pauperis* status on appeal.

**CONCLUSION**

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal. I **DENY as moot** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* in this Court. Doc. 4. Further, I **DENY as moot** Plaintiff's Motion for a Status Conference. Doc. 10.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 27th day of October, 2025.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA